(No. 4293–)

THOMAS MCGINTY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1950.*

COUTRAKON AND COUTRAKON, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DELANEY, J.

Claimant, Thomas McGinty, seeks an award for certain medical expenses, and compensation for complete and permanent disability under the Workmen's Compensation Act.

The record consists of the complaint, filed April 20, 1950, departmental report, supplemental departmental report of June 21, 1950, and supplemental departmental report of June 29, 1950, transcript of evidence, and stipulation waiving briefs of both parties.

Claimant, Thomas McGinty, entered the service of respondent at the Jacksonville State Hospital October 4, 1944, as an Institution Worker. He was reclassified November 26, 1947, and his position title changed to that of Maintenance Worker (Power Plant).

On April 22, 1949, the claimant was moving large bottles of oil. One of the bottles slipped, and in jerking the bottle to keep from injuring a helper, he felt a pain

in his side. Dr. F. A. Norris treated claimant for reduction of a hernia. Dr. James Le Ranes, the examining physician of respondent, reported claimant had a single hernia at the time of his original employment on October 1, 1944. The earnings of claimant during the year immediately preceding the date of alleged injury were $2,292.00. The Jacksonville State Hospital advises that claimant was paid for disability time the sum of $191.00. Claimant returned to work about July 5, 1949, and worked until January 1, 1950, at which time he was discharged by the respondent.

Under Section 8 (d-1) of the Workmen's Compensation Act, an injured employee, to be entitled to compensation for hernia, must prove:

1. The hernia was of recent origin;

2. Its appearance was accompanied by pain;

3. It was immediately preceded by trauma arising out of and in the course of employment;

4. The hernia did not exist prior to the accident.

Claimant having failed to establish by the evidence that he is entitled to an award, his complaint must be dismissed.

Award denied.

Hugo Antonacci, Court Reporter, has filed a bill for reporting services in this case in the sum of $37.60. The bill appears reasonable for the services rendered, and is hereby allowed.

Award is hereby rendered in favor of Hugo Antonacci in the sum of $37.60.